IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 22 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-02690-BNB

DEMETRIUS FREEMAN,

    Plaintiff,

v.

UNITED STATES BOP, et. al.,
WARDEN JULIE WANDS,
MLP ALICIA VINEYARD,
DR. KELLAR,
DR. ALLRED,
ASHA LISA McDERMOTT,
DR. SANTINI, and
DR. D. SEVERN,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Demetrius Freeman, is a prisoner in the custody of the Federal Bureau of Prisons ("BOP"). He is incarcerated currently at the Federal Correctional Institution in Florence, Colorado. Mr. Freeman initiated this action by filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on October 29, 2010. He filed a Prisoner Complaint on January 5, 2011, asserting a cause of action under 28 U.S.C. § 1331 and *Bivens v. Six Unknown Names Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Mr. Freeman has been granted leave to proceed *in forma pauperis* and has paid an initial partial filing fee.

The Court will construe the Complaint liberally because Mr. Freeman is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall*

***v. Bellman***, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for ***pro se*** litigants. ***See Hall***, 935 F.2d at 1110. The Court has reviewed the Complaint and has determined that it is deficient. Mr. Freeman therefore will be directed to file an Amended Complaint for the reasons discussed below.

As an initial matter, the names of the individuals in the case caption do not match the names of the individuals listed as "Parties" by Mr. Freeman in the text of the Complaint. In the Amended Complaint that Mr. Freeman will file, the names of the Defendants listed in the case caption should match the names of the individuals identified as Parties in the text of the Complaint.

Mr. Freeman alleges in the Complaint that he has a sickle cell trait, a condition that is documented in his prison medical records. Plaintiff saw Defendant Keller on July 31, 2009, and reported multiple episodes of abdominal pain, fatigue, and shortness of breath. He asked Kellar if his sickle cell condition could be affected by high altitude. Defendant Kellar looked at a medical website and responded in the negative, which Plaintiff asserts was "a complete misdiagnosis of substantial facts." Compl. at 3d. On December 8, 2009, Mr. Freeman reported to Defendant MLP Vineyard that he was having a sickle cell crisis and described his symptoms. Vineyard ignored Plaintiff's complaints of pain and did not write down his symptoms. Defendant Vineyard continued to ignore Plaintiff's complaints of pain for five days and then gave him a laxative. Plaintiff alleges that his repeated requests to see a physician and for pain medication were ignored by Defendant Vineyard for the next three weeks. Mr. Freeman alleges that he "wrote the warden, medical director, assistant health services administrator, and Dr. Santini, and received nothing." Compl. at 3c. Plaintiff lost thirty

pounds. On December 28, 2009, he presented to PAC Ritter with a fever of over 100 degrees, vomiting, shortness of breath, and significant pain. He was finally allowed to see Dr. Santini on December 29. A CT scan showed that Mr. Freeman's spleen was swollen severely and required removal, along with his appendix. Plaintiff states that he suffers permanent injuries including scarring and daily abdominal pain as a result of the delay in adequate medical care. Mr. Freeman claims that the Defendants acted with deliberate indifference to his medical needs and requests monetary relief.

Mr. Freeman's *Bivens* claim against the BOP is barred by sovereign immunity. A *Bivens* action may not be brought against federal agencies or agents acting in their official capacities. *Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir. 2002) (citing *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 483-86 (1994)).

For his personal capacity claims, Mr. Freeman fails to allege specific facts to establish that Warden Wands, Dr. Allred, ASHA McDermott, Dr. Santini, and Dr. Severn, who are the Defendants named in the caption of the Complaint, personally participated in the alleged deprivation of his constitutional rights. Plaintiff does not mention Dr. Allred, ASHA McDermott or Dr. Severn in the text of the Complaint. In order to state a claim in federal court, Mr. Freeman "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Mr. Freeman is advised that personal participation by the named defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Mr. Freeman must therefore show that each named Defendant caused the

deprivation of a federal right. See *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

Mr. Freeman cannot hold supervisors such as Defendant Warden Wands (or the "medical director" who is named in the text of the Complaint) liable merely because of his or her supervisory position. See *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for a constitutional violation that he or she has caused. See *Dodds v. Richardson,* 614 F.3d 1185, 1199 (10th Cir. 2010). Accordingly, there must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. See *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); see also *Richardson*, 614 F.3d at 1200-1201 ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)).

Finally, as discussed above, the Defendants named in the caption of the Amended Complaint should match the individuals named in the text of the Amended Complaint who are alleged to have violated Mr. Freeman's constitutional rights. Mr. Freeman may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Freeman uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service. Accordingly, it is

ORDERED that Plaintiff, Demetrius Freeman, file **within thirty (30) days from**

**the date of this order,** an Amended Complaint that complies with the directives in this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Freeman, together with a copy of this order, two copies of the following form to be used in submitting the second amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Freeman fails to file an Amended Complaint that complies with this order to the Court's satisfaction within the time allowed, the Court will dismiss Plaintiff's claims against all Defendants, except for Defendant Vineyard, for the reasons discussed in this Order.

DATED February 22, 2011, at Denver, Colorado.

                                      BY THE COURT:

                                      s/ Boyd N. Boland
                                      United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02690-BNB

Demetrius Freeman
Reg No. 12754-021
FCI Florence
P.O. Box 6000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on February 22, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk