IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**U.S. Magistrate Judge Craig B. Shaffer**

Civil Action No. 10-cv-02690-MSK-CBS

DEMETRIUS TERRELL FREEMAN,
    Plaintiff,
v.

ALICIA VINEYARD, MLP.
DR. G. SANTINI,
KELLAR, PAC,
CARI RITTER, PAC, and
100 John and Jane Does.
    Defendants.

---

**RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF**

---

Magistrate Judge Shaffer

    THIS MATTER comes before the court on *pro se* Plaintiff Demetrius Terrell Freeman's "Motion for Injunctive Relief" (doc #106) filed on November 8, 2011 (the "Motion").  Pursuant to the Memorandum filed November 10, 2011, the Motion was referred to the Magistrate Judge. (doc #107).  Defendants filed their "Response to Motion for Injunctive Relief" (doc #115) on December 1, 2011 (the "Response").  The court has carefully considered the arguments presented in the parties' briefs, as well as the applicable case law.  For the following reasons, I recommend that Plaintiff's Motion for Injunctive Relief be denied.

**Factual Background**

    Plaintiff Demetrius Freeman ("Mr. Freeman"), is currently incarcerated at the Federal

Correctional Institute in Florence, Colorado ("FCI Florence").  In his underlying action Mr. Freeman claims that Defendants MLP Alicia Vineyard, Dr. G. Santini, PAC Kellar, and PAC Ritter (Defendants "Vineyard," "Santini," "Kellar," and "Ritter," respectively), acted with deliberate indifference in the treatment of his serious medical condition amounting to a violation of the *Eighth Amendment*.  Mr. Freeman has sickle cell trait, a condition that is documented in his prison medical records.  Although the terms sickle cell "trait" and "crisis" are often used interchangeably, their actual definitions are separate and distinct.  Having sickle trait, means the person has inherited the sickle gene, which is often asymptomatic and occurs in approximately 8% of African Americans.  1 HARRISON'S PRINCIPLES OF INTERNAL MEDICINE 647 (Anthony S. Fauci, M.D., et al., eds., McGraw-Hill 14th ed. 1997).  Whereas having sickle cell crisis means acute episodes of manifestations of sickle cell disease, a blood disorder that has symptoms of chronic anemia, fatigue, and decreased exercise tolerance.  *Id.*

Plaintiff alleges that in August 2009, he saw Defendant Kellar and complained of abdominal pain, fatigue, and shortness of breath.  Mr. Freeman asked Defendant Kellar if his "sickle cell condition" could be adversely affected by high altitude.  After checking on a medical website, Defendant Kellar  responded in the negative.  Amended Complaint (doc. #74), at 7.  In Mr Freeman's complaint, he states, on December 8, 2009, he informed Defendant Vineyard that he "[has] sickle cell" and described his symptoms.  Mr. Freeman alleges that Defendant Vineyard ignored his complaints of pain, did not write down his symptoms, and diagnosed him with constipation.  *Id.* at 5.  Mr. Freeman alleges that also, on December 8, 2009, Mr. Freeman requested and was denied a laxative and a pain reliever.  *Id.*  On or around December 29, 2009, Plaintiff saw Dr. Santini.  A CT scan showed that Mr. Freeman's spleen was severely swollen and

required removal. Plaintiff was transferred to a community hospital to have his spleen and appendix removed. After surgery, Mr. Freeman returned to FCI Florence with "Routine Transfer Orders," which prescribed 1000 mg of Tylenol for four to six weeks. Plaintiff alleges that Defendants Vineyard and Santini substituted 975 mg of Tylenol. *Id.* at 5. On January 8, 2011, Plaintiff was placed on cell confinement status by Defendant Vineyard, which had the effect of "deny[ing] [him] access to rehabilitation and rehabilitation equipment." *Id.* at 9. Mr. Freeman states that when he expressed his concerns to Defendants Vineyard and Santini, both refused to change his cell confinement status. *Id.*

Plaintiff alleges that as a result of inadequate medical care, he has permanent injuries, including scarring and daily abdominal pain. Mr. Freeman claims that Defendants acted with deliberate indifference to his medical needs and requests monetary relief, immediate release from custody, and dismissal of the fines attached to his sentence. In Mr. Freeman's Motion for Injunctive Relief, he states that high altitudes have an adverse affect on his sickle cell trait and requests to be transferred from the FCI Florence to "one of the FBOP medical centers (Springfield, MS or Butner, NC)." To the court's knowledge there is no Springfield center in Mississippi; the court believes Plaintiff means the Medical Center for Federal Prisoners ("MCFP") located in Springfield, Missouri. Defendants Vineyard, Santini, Keller, and Ritter oppose Plaintiff's Motion for Injunctive Relief, arguing that Mr. Freeman is not entitled to injunctive relief because: (1) injunctive relief would not redress past injuries alleged in the Complaint; (2) under *Bivens,* Plaintiff is suing for monetary damages and a transfer is not within the authority of the Defendants; and (3) Plaintiff has not shown he is entitled to injunctive relief.

**Analysis**

"The purpose of a preliminary injunction is to preserve the relative positions of the parties until a trial on the merits can be held." *Bray v. QFA Royalties LLC*, 486 F. Supp. 2d 1237, 1241 (D. Colo. 2007) (citing *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981)). Under Rule 65(b) of the Federal Rules of Civil Procedure, a temporary restraining order or preliminary injunction may be granted only if "it clearly appears from specific facts shown by affidavit or by verified complaint that immediate and irreparable injury, loss or damage will result to the applicant." A preliminary injunction is an extraordinary and drastic remedy. *See Rodriguez v. Wiley*, 2009 WL 6325780, at * 2 (D. Colo. 2009) (*citing O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 973 (10th Cir. 2004)). "The purpose of a preliminary injunction is not to remedy past harm but to protect plaintiffs from irreparable injury that will surely result without their issuance." *Rodriguez*, 2009 WL 6325780, at * 2. "Therefore, before a preliminary injunction may be entered pursuant to Fed. R. Civ. P. 65, the moving party must satisfy all four of the following requirements: (1) the movant will suffer irreparable injury unless the injunction is issued; (2) there is a substantial likelihood of success on the merits; (3) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the injunction, if issued would not be adverse to the public interest." *Id.* (*citing Heideman v. South Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003); *Kikumura v. Hurley*, 242 F.3d 950, 955 (10th Cir. 2001)). "The moving party bears the burden of persuasion as to each of these elements." *Heideman*, 348 F.3d at 1189.

"Though all forms of injunctive relief are considered extraordinary, courts have identified three categories of preliminary injunctions that are 'disfavored;' (1) preliminary injunctions that

alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief he could recover at the conclusion of the full trial on the merits." *O Centro*, 389 F.3d at 973. "According to the Tenth Circuit, if a movant seeks a preliminary injunction that falls into one of these disfavored categories, [ ] 'movant must satisfy a heightened burden,' and his allegations 'must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary in even the normal course.'" *Id.*

Mr. Freeman seeks an order requiring Defendants to immediately transfer him from the FCI Florence to one of the Federal Bureau of Prisons ("FBOP") medical centers in Springfield, MO or Butner, NC. Aside from the fact that Mr. Freeman has failed to show that Defendants have the authority to effect a transfer, Plaintiff's injunction, if granted, would require Defendants to alter the status quo. Therefore, the injunction requested qualifies as a disfavored remedy for which the court must apply a higher degree of scrutiny.

Mr. Freeman must demonstrate that he will suffer irreparable harm if the injunction is not issued. To constitute irreparable harm, "an injury must be certain, great, actual and not theoretical." *Heideman*, 348 F.3d at 1189 (*citing Wisconsin Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C.Cir. 1985) (internal quotation marks omitted)). "[T]he party seeking injunctive relief must [also] show that the injury complained of is of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm." *Id.* "Injury that is merely speculative in nature does not constitute irreparable harm sufficient to warrant granting a preliminary injunction." *Rodriguez*, 2009 WL 6325780, at *3. "Therefore, to satisfy this requirement, a plaintiff 'must do more than merely allege imminent harm; he must demonstrate it.'" *Id. (citing Clark v. Schriro*, 2007 WL 2750667, at *2 (D. Ariz. 2007)).

Mr. Freeman is not a medical doctor, nor has he provided medical support for his claim that high altitude "[has] an adverse affect on [him]" due to him having sickle cell trait. *See* Motion for Injunctive Relief (doc. #106), at 1.  Plaintiff's contention is merely speculative since it is unsupported by any medical evidence.  Therefore, there has been no showing that Plaintiff will suffer irreparable harm if the injunction is not issued.

Plaintiff must also demonstrate that he has a "clear or substantial likelihood of succeeding on the merits of his action." *McKenna v. Wright*, 2002 WL 338375, at *6 (S.D.N.Y. 2002).  In his Complaint, Mr. Freeman brings a *Bivens* action alleging Defendants have violated the *Eighth Amendment* by "refusing to treat [his] sickle cell condition." *See* Amended Complaint (doc. # 74), at 5.  In order to succeed on such a claim, Mr. Freeman must prove that Defendants were "deliberate[ly] indifferen[t ]to his 'serious medical needs.'" *Green v. Federal Bureau of Prisons*, 2009 WL 150650, at *3-4 (D. Colo. 2009).  "To satisfy the standard of deliberate indifference a doctor must act with 'deliberate indifference to serious medical needs of prisoners.'" *Rodriguez*, 2009 WL 6325780, at *4 (*citing Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L.Ed.2d 811 (1970)).  This means that Mr. Freeman must show that his prison doctors "[knew] of and disregard[ed] an excessive risk" to Plaintiff's "health or safety."  *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L.Ed.2d 811 (1970).  "[A] prison physician in not deliberately indifferent to an inmate's serious medical need when the physician prescribes a different method of treatment than requested by the inmate." *Alexander v. Nevada*, 2011 WL 5833874, at * 5 (D. Nev. 2011).  Whether a course of treatment is appropriate 'is a classic example of a matter for medical judgment,' that is insufficient to sustain a claim under the *Eighth Amendment, Estelle v Gamble*, 429 U.S. 97, 107, 97 S. Ct. 285, 50 L.Ed.2d 251 (1976).  *See also*

*Perkins v. Kansas Dept. of Corrections,* 165 F.3d 803, 811 (10th Cir. 1999) (disagreement with medical personnel "does not give rise to a claim for deliberate indifference to serious medical needs"); *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993) ("A difference of opinion does not support a claim of cruel and unusual punishment"); *Callahan v. Poppell*, 471 F.3d 1155, 1160 (10th Cir. 2006) *(citing Dulany v. Carnahan*, 132 F.3d 1234, 1240 (8th Cir. 1997)) ("A prison doctor remains free to exercise his or her independent professional judgment and an inmate is not entitled to any particular course of treatment"). Mr Freeman merely disagrees with Defendants' course of treatment. Mr. Freeman has not offered any medical evidence in support of his request for injunctive relief.

To the extent that Mr. Freeman alleges that the treatment he received was improper or inadequate, such allegations do not rise beyond mere negligence. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the *Eighth Amendment*." *Green v. Branson*, 108 F.3d 1296, 1303 (10th Cir. 1997) (internal quotation marks and citation omitted). *See also Self v. Crum*, 439 F.3d 1227, 1234 (10th Cir. 2006) ("[A] misdiagnosis, even if rising to the level of medical malpractice, is simply insufficient . . . to satisfy the subjective component of a deliberate indifference claim").[1]

I find that Plaintiff has failed to sustain his burden with regard to the first two elements necessary for the issuance of a preliminary injunction, especially when taking into account the

---

[1]There is a pending Motion to Dismiss (doc. #78), filed by all Defendants that raises immunity, failure to state a claim, and qualified immunity.

heightened scrutiny required with considering a disfavored remedy.[2]  Accordingly, for the foregoing reasons, I recommend that Mr. Freeman's Motion for Injunctive Relief (doc. #106) be DENIED.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999). (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *Int'l Surplus*

---

[2]Before a preliminary injunction may be entered pursuant to Fed. R. Civ. P. 65, the moving party must satisfy **all four** of the requirements.  Because Plaintiff has failed to satisfy elements one or two, the court need not discuss the merits of the remaining two elements.

*Lines Ins. Co. v. Wyoming Coal Refining Sys., Inc.*, 52 F.3d 901 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED this 15th day of December, 2011.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge