IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02690-MSK-CBS

DEMETRIUS TERRELL FREEMAN,
    Plaintiff,
v.

ALICIA VINEYARD, MLP,
DR. G. SANTINI,
KELLAR, PAC,
CARI RITTER, PAC, and
100 John and Jane Does,
    Defendants.

---

ORDER

---

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on: (1) Mr. Freeman's "Motion for an Order to Compel" (Doc. # 122) (filed on December 20, 2011); and (2) Mr. Freeman's "Motion to Stay the Proceedings" (Doc. # 124) (filed on December 23, 2011). Pursuant to the Order of Reference dated April 7, 2011 (Doc. # 22) and the memoranda dated December 21, 2011 (Doc. # 123) and December 23, 2011 (Doc. # 126), these matters were referred to the Magistrate Judge. The court has reviewed the Motions, the entire case file, and the applicable law and is sufficiently advised in the premises.

    Mr. Freeman is currently incarcerated at the Federal Correctional Institute in Florence, Colorado ("FCI Florence"). In this action Mr. Freeman claims that Defendants Vineyard, Santini, Kellar, and Ritter acted with deliberate indifference in the treatment of his serious medical condition, sickle cell trait, in violation of the Eighth Amendment. In his Motion for an Order to Compel, Mr. Freeman asks the court to order Defendant

Santini to "answer the questions he was mailed this Dec. 18, 2011." (*See* Doc. # 122 at 2 of 4). Mr. Freeman's questions to Defendant Santini are merely general inquires about various medical conditions. Mr. Freeman acknowledges that "[t]he questions asked are not discovery related." (*See id.* at 1 of 4). Because Mr. Freeman's Motion to Compel is not related to discovery and does not seek disclosure or discovery pursuant to Federal Rules of Civil Procedure 30, 31, 33, or 34, there is no basis for the court to order Defendant Santini to answer Mr. Freeman's questions. *See* Fed. R. Civ. P. 37(a).

Mr. Freeman's Motion to Stay the Proceedings is based on his assertion that "Defendants have refused to answer medical questions concerning the Plaintiff's current health" and his possible transfer to another facility. (*See* Doc. # 124 at 1 of 2). Defendants have filed a Motion to Dismiss (Doc. # 78), to which Mr. Freeman has filed a Response (Doc. # 83), Defendants have filed a Reply (Doc. # 92), and Mr. Freeman has filed a Surreply (Doc. # 98). The Motion to Dismiss is thus fully briefed. Mr. Freeman is obligated to keep the court apprised of his address should it change. The court perceives no basis to stay this litigation.

Accordingly, IT IS ORDERED that:

1. Mr. Freeman's "Motion for an Order to Compel" (Doc. # 122) (filed on December 20, 2011) is DENIED.

2. Mr. Freeman's "Motion to Stay the Proceedings" (Doc. # 124) (filed on December 23, 2011) is DENIED.

DATED this 6th day of January, 2012.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge