IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Craig B. Shaffer**

| | |
|---|---|
| **Civil Action No.: 10-cv-02690-MSK-CBS** | FTR - Reporter Deck - Courtroom A402 |
| **Date: July 17, 2012** | Courtroom Deputy: Robin Mason |

*Parties:*                                                                 *Counsel:*

DEMETRIUS TERRELL FREEMAN,            *Pro Se*

    Plaintiff,

v.

ALICIA VINEYARD, *et al*.,                                      Nathalie Erin Cohen

    Defendants.

---

### COURTROOM MINUTES/MINUTE ORDER

**HEARING:   TELEPHONIC STATUS CONFERENCE**
**Court in Session:      1:59 p.m.**
Court calls case. Appearances of counsel.

The court addresses the parties regarding the plaintiff's MOTION to Reopen Discovery (Docket No. 154, filed on 6/18/2012). Defense counsel advises the court that she has no objection to this motion. Discussion between the court and the parties regarding this motion.

**ORDERED:**   The court **GRANTS** the plaintiff's MOTION to Reopen Discovery (Docket No. 154, filed on 6/18/2012) to the extend that it seeks to reopen discovery. The court shall allow discovery to be reopened for a period of **60 days from today's date (September 17, 2012)**. The parties are advised that no further extensions for discovery shall be granted.

The court addresses the parties regarding the plaintiff's Rule 34 MOTION for Production (Docket No. 153, filed on 6/18/2012).

Discussion between the court and Mr. Freeman regarding claims and allegations in second amended complaint and Rule 26(b)(1).

**ORDERED:** The court **GRANTS IN PART and DENIES IN PART** the plaintiff's Rule 34 MOTION for Production (Docket No. 153, filed on 6/18/2012).

This motion is granted to the extent that the plaintiff shall be allowed to serve a subpoena on the Federal Bureau of Prisons. The subpoena may seek the production of the following: All documents or electronically stored information that reflects any and all medical rounds conducted in the shoe by defendant Vineyard during the time frame of December 7, 2009 to December 14, 2009. The court shall also require production of all video tapes that show Ms. Vineyard conducting rounds in the shoe during the time frame of December 7, 2009 to December 14, 2009. The court shall also require any video of the shoe or any video showing the defendants movements to and from the medical department during the time frame of December 7, 2009 to December 29, 2009.

This motion is denied to the extent that it seeks production of electronically stored information or records showing the number of time Mr. Freeman pushed the emergency button unless there is some further showing that Ms. Vineyard would have been aware of this.

Discussion between the court and Mr. Freeman regarding his interrogatories that were sent back to him and Rule 16(b).

**ORDERED:** The defendant shall be required to answer the plaintiff's interrogatories (or object to them if deemed necessary) within **30 days of today hearing**.

The court addresses the parties regarding the defendant's MOTION for Leave to File Motion for Summary Judgment Concerning Lack of Exhaustion of Administrative Remedies (Docket No. 160, filed on 6/26/2012). Mr. Freeman has objections to this motion. Discussion between the court and the parties regarding this motion.

**ORDERED:** The court **DENIES as MOOT** the defendant's MOTION for Leave to File Motion for Summary Judgment Concerning Lack of Exhaustion of Administrative Remedies (Docket No. 160, filed on 6/26/2012).

This motion is granted to the extend that the court shall extend the deadline for the defendant to file a motion for summary judgment. Further discussion between the court and Ms. Cohen regarding filing a motion for summary judgment.

Discussion between the court and Mr. Freeman regarding serving additional interrogatories (only allowed to serve 25 and must be served on named parties), the new September 17, 2012 discovery cut off date, when the defendant's responses are due, and serving interrogatories by August 14, 2012.

Discussion between the court and Mr. Freeman regarding withdrawing his current set of interrogatories and serving the defendant with new interrogatories. Discussion between the court and Mr. Freeman regarding Rule 56 filing and filing a motion for summary judgment.

**ORDERED:**  The court shall allow Mr. Freeman to **WITHDRAW** his first set of interrogatories and serve new interrogatories on the defendant which must be in defense counsel possession **no later than August 14, 2012**.

**ORDERED:**  The court advises both parties that motions for summary judgment must be filed with the court **no later than October 15, 2012**.

The court addresses the parties regarding the defendant's MOTION for Leave to File Answer Out of Time (Docket No. 163, filed on 7/5/2012).

Discussion between the court and Mr. Freeman regarding Rule 12 and the defendant's responsibility to either file an answer or a motion to dismiss. Discussion between the court and Mr. Freeman regarding Judge Krieger's OPINION AND ORDER GRANTING, IN PART, MOTION TO DISMISS (Docket No. 151, filed on 5/18/2012).

**ORDERED:**  The court **GRANTS** the defendant's MOTION for Leave to File Answer Out of Time (Docket No. 163, filed on 7/5/2012). The court shall allow the defendant to file an answer out of time. The defendant's answer is attached to Docket No. 163 and shall be deemed filed as today's date.

The court addresses the parties regarding the plaintiff's MOTION to Strike #160 MOTION for Leave to File Motion for Summary Judgment Concerning Lack of Exhaustion of Administrative Remedies (Docket No. 166, filed on 7/12/2012).

**ORDERED:**  The court **DENIES as MOOT** the plaintiff's MOTION to Strike #160 MOTION for Leave to File Motion for Summary Judgment Concerning Lack of Exhaustion of Administrative Remedies (Docket No. 166, filed on 7/12/2012).

HEARING CONCLUDED.

**Court in recess:**   **2:55 p.m.**
Total time in court:   00:56

To order transcripts of hearings with Magistrate Judge Shaffer, please contact Avery Woods Reporting at (303) 825-6119 or toll free at 1-800-962-3345.