IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02690-MSK-CBS

DEMETRIUS TERRELL FREEMAN,
    Plaintiff,
v.

ALICIA VINEYARD, MLP.
    Defendant.

---

**RECOMMENDATION REGARDING PLAINTIFF'S
MOTION FOR INJUNCTIVE RELIEF**

---

Magistrate Judge Shaffer

THIS MATTER comes before the court on *pro se* Plaintiff Demetrius Terrell Freeman's Motion for Injunctive Relief (doc. # 253) filed on February 22, 2013. Pursuant to the Memorandum dated February 26, 2013, the Motion was referred to the Magistrate Judge. *See* Doc. # 254. Defendant filed her Response to the Motion for Injunctive Relief (doc. # 255) on March 15, 2013. On April 29, 2013, Plaintiff filed a letter with the court (doc. # 256) stating that he wished respond to the Defendant's submission, however, Mr. Freeman never filed a reply. The court has carefully reviewed the Motion, Response, and applicable case law and is sufficiently advised in the premises. For the following reasons this court recommends that the Motion for Injunctive Relief be denied.

**I. BACKGROUND**

Mr. Freeman is currently incarcerated at the United States Penitentiary, Beaumont Federal Correctional Complex ("Beaumont FCC") in Beaumont, Texas. *See* Doc. # 256. Mr. Freeman's claim against Alicia Vineyard ("Ms. Vineyard"), a Mid-Level Practitioner at the Federal Correctional Institution in Florence, Colorado, originates from the treatment, or non-treatment, of his sickle cell trait from December 8, 2009 through January 8, 2010.[1] Mr. Freeman alleges, in his Amended Complaint, that

---

[1] In his underlying action Mr. Freeman claims that Defendants Alicia Vineyard, Dr. G. Santini, Ms. Kellar, and Mr. Ritter acted with extreme indifference in the treatment of his serious medical condition, while he was incarcerated at the Federal

he notified Ms. Vineyard he "[had] sickle cell" on December 8, 2009, but that Ms. Vineyard ignored his complaints of pain, did not write down his symptoms, and mis-diagnosed him as having constipation. *See* Doc. # 74 at page 5 of 16. Mr. Freeman alleges that on December 9, 2009, Ms. Vineyard incorrectly recorded that he was in "no pain," and stated that Mr. Freeman wanted pills "for daily use." *Id*. Finally, Mr. Freeman alleges that Ms. Vineyard put him on "cell confinement" after his surgery on January 8, 2010, when his "Routine Transfer Orders" specified that he should be "active as tolerated" so that he could rehabilitate from his surgery. *Id*. at 9 of 16. Mr. Freeman expressed his concerns to Ms. Vineyard about "deny[ing] [him] access to rehabilitation and rehabilitation equipment," but she refused to change his cell confinement status. *Id*. The Amended Complaint seeks $123,000,000.00 in damages, Mr. Freeman's release from Federal Bureau of Prisons ("BOP") custody, and for Mr. Freeman to be absolved of his fine. *Id*. at 15 of 16.

Mr. Freeman alleges in his Motion that he has suffered "cruel and unusual punishment" as "retaliat[ion]" for bringing his civil suit against Ms. Vineyard. *See* Doc. # 253. The first alleged retaliation occurred in September 2012, while the Plaintiff was at the United States Penitentiary in Atwater, California ("USP Atwater"). Plaintiff alleges Corrections Officer Martin "dislocated [Plaintiff's] arm" and then "rubb[ed] his testicles on the Plaintiff's arm." *See* Doc. # 253 at page 1 of 3. Corrections Officer Martin allegedly stated that "if [Plaintiff] drop[ped] [his] civil suit in Colorado all of [Plaintiff's] problems would go away." *Id*. Mr. Freeman also claims that Corrections Officer Ontiveros, under the direction of Warden Swartz, wrote an Incident Report citing Plaintiff for "possession of a lock picking device." *Id* at 2 of 3. The third alleged incident occurred while the Plaintiff was in transit from USP Atwater to the Federal Correctional Institution in Mendota, California ("FCI Mendota"). Plaintiff alleges an unnamed Bureau of Prisons ("BOP") employee took his "legal work" which was not returned. *Id*. Finally, Plaintiff alleges that while at FCI Mendota he was "left handcuffed for more than 12 hours with his hands behind his back," which caused his shoulder injury to become worse. *Id*.

---

Correctional Institution in Florence, Colorado. All claims, other than the *Bivens* claim against Ms. Vineyard, have been dismissed by the Court.

**II. LEGAL STANDARDS**

"The purpose of a preliminary injunction is not to remedy past harm but to protect plaintiffs from irreparable injury that will surely result without their issuance." *Schrier v. University Of Colo.,* 427 F.3d 1253, 1267 (10th Cir. 2005). A preliminary injunction is an extraordinary remedy and thus the movant's right to relief must be "clear and unequivocal." *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991). There are three categories of injunctive relief that are "disfavored:" "(1) a preliminary injunction that disturbs the status quo; (2) a preliminary injunction that is mandatory as opposed to prohibitory; and (3) a preliminary injunction that affords the movant substantially all the relief he may recover at the conclusion of a full trial on the merits."*Id*. at 1098-99. If a preliminary injunction falls into one of these three categories the movant "must satisfy a heightened burden" where his allegations are "more closely scrutinized" to assure the granting of such an extraordinary remedy is proper. *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 977 (10th Cir. 2004). Congress also has mandated that injunctive relief in prison condition cases

> must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief . . . in tailoring any preliminary relief

18 U.S.C.A. § 3626(a)(2).

In order to obtain a preliminary injunction, the movant must establish: (1) a substantial likelihood of success on the merits of the case; (2) irreparable injury to the movant if the preliminary injunction is denied; (3) the threatened injury to the movant outweighs the injury to the other party under the preliminary injunction; and (4) the injunction is not adverse to the public interest. *Pinson v. Pacheco*, 397 F. App'x 488, 491 (10th Cir. 2010).[2] The court must deny injunctive relief if the moving party fails to establish any one of the four requisite elements. *See Packerware Corp. v. Corning Consumer Prods. Co.*, 895 F.Supp. 1438, 1447 (D. Kan. 1995).

---

[2] Copies of unpublished cases are attached to this Recommendation.

It is well established that "[b]ecause a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004). "A plaintiff suffers irreparable injury when the court would be unable to grant an effective monetary remedy after a full trial because such damages would be inadequate or difficult to ascertain." *Kikumura v. Hurley*, 242 F.3d 950, 963 (10th Cir. 2001). *See also Schrier*, 427 F.3d at 1267 ("To constitute irreparable harm, an injury must be certain, great, actual and not theoretical."). "If the possibility of future harm is speculative, the movant has not established that he will suffer irreparable injury." *Pinson*, 397 F. App'x at 492 (internal quotation marks omitted).

### III. ANALYSIS

The only relief Mr. Freeman specifically requests is access to video surveillance footage from FCI Mendota between the times of 12:00 pm on February 11, 2013 and 12:00 pm on February 12, 2013. *See* Doc. # 253 at page 3 of 3. An order requiring FCI Mendota to give surveillance footage to Mr. Freeman would disturb the status quo and fall into the first "disfavored" category of injunctive relief. Therefore, Mr. Freeman "must satisfy a heightened burden" in establishing the requisite elements for injunctive relief.

Mr. Freeman's motion does not address what is on the video surveillance footage he is requesting, nor does he demonstrate how the video surveillance footage is connected to his claim against Ms. Vineyard. His motion also fails to state how he will be irreparably harmed if he does not receive access to the video surveillance footage. In short, Mr. Freeman is pursuing discovery under the guise of a Rule 65 motion. This court finds that Mr. Freeman has failed to meet his burden of showing probable irreparable injury and need not address the remaining factors of a preliminary injunction.

While Mr. Freeman's motion does not clearly request any other injunctive relief, the court has a duty to liberally construe a *pro se* plaintiff's pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520-21

(1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."). Because most of Mr. Freeman's motion describes alleged incidents of retaliation, this court will construe it to include a request for relief from further retaliation. *See* Doc. # 253.

Since the last alleged incident of retaliation, BOP has moved Mr. Freeman from USP Atwater to Beaumont FCC. This makes any future harm Mr. Freeman might face purely speculative as the court can not presume there will be future misconduct by unknown BOP personnel. Without further evidence, the court cannot find that Mr. Freeman faces imminent harm in the wake of his transfer to a different facility. *See Pinson*, 397 F. App'x at 492 (district court did not abuse its discretion in denying prison inmate's motion for preliminary injunction because alleged past harm occurred at a facility where he was no longer incarcerated).

The court also notes that Plaintiff's allegations of retaliation are directed towards individuals who are not parties in the case. "According to Rule 65(d), an injunction binds only the parties, their 'officers, agents, servants, employees, and attorneys,' and other persons who are in active concert therewith." *Rainey v. Huertas*, No. 12-cv-01434-CMA-MEH, 2012 WL 6770907, at *3 (D. Colo. Nov. 30, 2012). "In addition, the movant must establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010) (internal quotation marks omitted) (affirming the denial of a motion for preliminary injunction on the basis that the incarcerated plaintiff had not "alleged that the defendants named in the complaint participated in the alleged [harm] . . . ."). Since enjoining Ms. Vineyard would not grant Mr. Freeman the relief he seeks, and the court cannot enjoin the parties from whom injunctive relief could be ordered, this court recommends that Mr. Freeman's Motion for Injunctive Relief (doc. # 253) be DENIED.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED this 17th day of July, 2013.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge