IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 10-cv-02690-MSK-CBS

**DEMETRIUS TERRELL FREEMAN**

    Plaintiff,

v.

**ALICIA VINEYARD, MLP**

    Defendant.

**OPINION AND ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**THIS MATTER** comes before the Court on the Defendant Alicia Vineyard's Motion for Summary Judgment **(#237)**, Mr. Freeman's *pro se* Response[1] **(#243)**, and Ms. Vineyard's Reply **(#246)**.

## I. Jurisdiction

The Court exercises jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II. Facts

The Court summarizes the pertinent facts here, and will elaborate in more detail as necessary in its analysis. In both contexts, the Court construes the evidence most favorably to the non-movant, Mr. Freeman.

---

[1] In considering Mr. Freeman's fillings, the Court is mindful of his *pro se* status, and accordingly, reads his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in his use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve Mr. Freeman of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat Mr. Freeman according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

Mr. Freeman is currently incarcerated within the Bureau of Prisons (BOP). During the relevant period, Mr. Freeman was housed at the BOP facility in Florence, Colorado. In December 2009, Mr. Freeman required medical attention that ultimately resulted in surgery. He alleges that Ms. Vineyard, a medical worker at BOP Florence, was deliberately indifferent to his medical needs.

As narrowed by this Court's May 18, 2012 Order **(#151)**, Mr. Freeman asserts one claim for violation of his Eighth Amendment rights against Ms. Vineyard. Ms. Vineyard moves for summary judgment on that claim, arguing that Mr. Freeman failed to properly exhaust the BOP's administrative remedy process before filing the instant lawsuit.[2]

### III. Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary. *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Substantive law governs what facts are material and what issues must be determined. It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof, and identifies the party with the burden of proof. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby

---

[2] Ms. Vineyard also argues that Mr. Freeman cannot establish the elements of his Eighth Amendment claim. The Court need not address this argument, however, because the issue of exhaustion is dispositive.

favoring the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent evidence. *See* Fed. R. Civ. P. 56(c)(1)(A). Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute. *See Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999). If there is a genuine dispute as to a material fact, a trial is required. If there is no genuine dispute as to any material fact, no trial is required. The court then applies the law to the undisputed facts and enters judgment.

If the moving party does not have the burden of proof at trial, it must point to an absence of sufficient evidence to establish the claim or defense that the non-movant is obligated to prove. If the respondent comes forward with sufficient competent evidence to establish a *prima facie* claim or defense, a trial is required. If the respondent fails to produce sufficient competent evidence to establish its claim or defense, then the movant is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

## IV. Analysis

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), requires that a prisoner exhaust all available administrative remedies before filing an action regarding prison conditions in federal court. To exhaust administrative remedies in the prison system, an inmate must properly follow all of the steps enumerated in the prison system's grievance procedure, regardless of whether he views the administrative procedure as futile. *See Woodford v. Ngo*, 548

U.S. 81, 90 (2006).  A prisoner who begins the grievance process, but does not complete it has not exhausted his administrative remedies and is barred from bringing suit.  *See Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).  The exhaustion requirement is in the nature of an affirmative defense belonging to the Defendant, and thus, Ms. Vineyard has the burden of showing that Mr. Freeman failed to exhaust his available remedies.  *Jones v. Bock*, 549 U.S. 199 (2007).

The BOP's administrative remedy procedure, codified at 28 C.F.R. § 542.10 *et seq.*, is a four-step process.  First, an inmate presents his concern informally to prison staff members under the procedures established by the warden of the relevant institution (this is referred to as level 1 of the process).  *See* § 542.13.  If the inmate is unable to reach an informal resolution of the issue within twenty days, he may then file a formal Request for Administrative Remedy at the institution where he is incarcerated (level 2).  *See* § 542.14.  If dissatisfied with the response to the Administrative Remedy Request, within 20 days of the date the Warden signed the response, the inmate may file an appeal with the Regional Director by filing a Regional Office Administrative Remedy Appeal (level 3).  *See* § 542.15.  Finally, if the inmate is dissatisfied with the Regional Director's response, the inmate may file an appeal with the Office of the General Counsel by filing a Central Office Administrative Remedy Appeal (level 4).  *See id.*  An inmate may not raise in an appeal an issue he did not raise in a lower level filing.  *See* § 542.15.

At any point during this process, an inmate's filing may be rejected for procedural deficiencies, provided that the rejection includes a written notice explaining the rejection.  *See* § 542.17.  The rejection shall, if possible, provide the inmate with an extension of time in which to resubmit the remedy request or appeal.  A rejection does not excuse the inmate from his or her duty to properly exhaust administrative remedies.

Ms. Vineyard has proffered a sworn declaration of Clay Cook, a Senior Attorney Advisor at the BOP, as well as BOP administrative records showing entries for remedy requests filed by Mr. Freeman. Having reviewed Mr. Freeman's records, Mr. Cook states that Mr. Freeman filed four administrative remedy requests pertaining to his claim of inadequate medical care. First, on June 18, 2010, Mr. Freeman filed a formal complaint directly with the Regional Director (level 3).[3] That request was denied because he had not proceeded through the first two levels of the process. After attempting to resolve his complaint informally, Mr. Freeman then filed a formal complaint with the Warden (level 2) on July 28, 2010. He alleged that he had been denied proper medical care and requested monetary payment. The Warden denied his request in a written response on August 19, 2010. Mr. Freeman did not appeal the Warden's denial. Instead, he filed a new complaint on August 23, 2010, directly with the Regional Director. The new complaint was denied the next day for failing to properly proceed through the first two levels. Finally, on October 8, 2010, Mr. Freeman appealed to the Office of the General Counsel (level 4). BOP records show that the identification number assigned to the October 8th appeal corresponds with Mr. Freeman's June 18th complaint. The appeal was rejected because he had appealed at the wrong level.

In response, Mr. Freeman submits, among other things, copies of the complaints that he filed at various stage of the administrative process. Included is a copy of the complaint submitted to the Regional Director on August 23rd. That complaint was dated by Mr. Freeman on August 18th. In the complaint, Mr. Freeman stated that he had not yet received a response from the Warden with regard to his July 28th complaint, and that he was therefore treating the lack of response as a denial and was appealing to the Regional Director. The complaint shows a

---

[3] Remedy requests or appeals are considered "filed on the date [they are] logged into the Administrative Remedy Index as received." 28 C.F.R. § 542.18.

reference to the identification number of the July 28th complaint.  Mr. Freeman also submitted a copy of the appeal he filed with the Office of the General Counsel on October 8th.  The appeal references the identification number of both his June 18th and July 28th complaints.  The form was dated by Mr. Freeman on September 30, 2010, and is stamped as received by General Counsel on October 8, 2010.

Having reviewed the evidence in the light most favorable to Mr. Freeman, the Court finds that there is no genuine dispute of material fact with regard to exhaustion.  The parties agree that Mr. Freeman filed a level 3 complaint to the Regional Director on August 23, 2010.  They dispute, however, whether the August 23rd complaint was a "new" complaint or if it was an appeal of the Warden's denial at level 2.  Viewing the evidence in Mr. Freeman's favor, the Court considers the August 23rd complaint to be an appeal from the Warden's denial of his July 28th complaint.  In turn, the Court also assumes that Mr. Freeman intended the October 8th appeal to be an appeal from the Regional Director's August 24, 2010 response, rather than an appeal from the denial of his June 18th complaint.

In light of the above considerations, Mr. Freeman was required to submit his appeal to the Office of the General Counsel within 30 days of the date the Regional Director signed the response (August 24th) — thus, Mr. Freeman had until September 23, 2010 to submit his appeal. *See* 28 C.F.R. § 542.15.  Mr. Freeman's own submission of the appeal he sent to General Counsel is dated September 30, 2010.  Putting aside the fact that General Counsel did not receive the appeal until October 8th, the deadline for submission had already passed by the time Mr. Freeman filled out and mailed the appeal form.

Mr. Freeman appears to allege that prison staff contributed to the delay in filing, stating that he was refused the level 4 forms until he received the Regional Director's response, and that

6

he did not personally receive the Director's response until September 15, 2010.  Assuming that these allegations are true, Mr. Freeman still has not offered any reason or explanation as to why he was unable to submit his appeal between September 15th and September 23rd.  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."  *Woodford*, 548 U.S. at 95 (2006).  Because the October 8th appeal is the *only* level 4 appeal submitted by Mr. Freeman, and such appeal was procedurally improper, the Court finds that Mr. Freeman did not properly exhaust his administrative remedies.

## V.  Conclusion

For the forgoing reasons, the Defendant's Motion for Summary Judgment **(#237)** is **GRANTED**.  The Plaintiff's claims are dismissed without prejudice for failure to exhaust administrative remedies.  The Clerk of the Court shall close this case.

Also pending before the Court is the Plaintiff's Motion for Injunctive Relief **(#253)**.  That motion is **DENIED AS MOOT**.

Dated this 5th day of September, 2013.

**BY THE COURT:**

_____

Marcia S. Krieger
Chief  United States District Judge

7